UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel L. Gaither, | ) | C/A No.   5:13-cv-00108-CMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a federal prisoner proceeding pro se, brought this action pursuant to the Federal Torts Claims Act ("FTCA").[1] Plaintiff is currently incarcerated at the Federal Correctional Institution in Estill, S.C. ("FCI-Estill"). This matter is before the court on Plaintiff's Motion for Issuance of Subpoena, ECF No. 32; Motion for Discovery, ECF No. 37; Motion for Issuance of Subpoena, Motion for Emergency Administrative Hearing, ECF No. 41; and Motion for Reconsideration, ECF No. 44. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**Motion for Issuance of Subpoena, ECF No. 32; Motion for Discovery, ECF No. 37; Motion for Issuance of Subpoena, Motion for Emergency Administrative Hearing, ECF No. 41**

In his Motion for Issuance of Subpoena, (construed as a Motion for Discovery), filed on June 19, 2013, and Motion for Discovery filed on July 10, 2013, Plaintiff requests that the court order Defendant to permit Plaintiff to inspect the electronic data, computer servers, and other electronically stored devices where Plaintiff's medical records are kept. ECF No. 32 at 1, ECF

---

[1] 28 U.S.C. § 1346 and 28 U.S.C. § 2671 et seq.

No. 37 at 11-12. Plaintiff contends that Defendant has fraudulently altered his medical records and he needs access to this information to "inspect the authenticity of the medical records." ECF No. 32 at 1. Plaintiff also asks that the court order Defendant to produce the work schedules that coincide with the metadata and submit depositions under oath "as to the outcome of the investigation, and their particular participation in the fraudulent creation of such records." *Id.* at 1-2. In a second subpoena request, filed July 22, 2013, Plaintiff requests that the court order Defendant to answer questions related to whether any disciplinary action has been taken against Estill Federal Prison Camp employees related to Plaintiff's pending lawsuit. ECF No. 41 at 1. Plaintiff also "moves for an emergency administrative hearing by this court . . . so that the facts of all claims by PLAINTIFF may be immediately proven, and that DEFENDANT either be forced to trial, or submit to summary judgment on the form of mitigation." *Id.* at 2.

In response to a July 17, 2013 court Order, Defendant filed a memorandum opposing Plaintiff's June 19, 2013 Motion for Subpoena. ECF No. 45. Defendant contends that Plaintiff's requests are irrelevant to the claims in Plaintiff's lawsuit and that Plaintiff has not offered any proof to support his claims that his medical records have been falsified. ECF No. 45 at 2. Defendant further argues that the Bureau of Prisons' ("BOP") policy provides that "inmates may not have access to any computer that is operationally critical or contains SENSITIVE information such as medical records, not have access to workstations that are attached to BOPNet, SENTRY, or the Internet." *Id.* at 3. Therefore, Defendant contends that Plaintiff cannot have access to a hard drive or server where other inmates' medical records are stored. *Id.* Additionally, Defendant argues that Plaintiff's requests to depose parties should be denied as the United States is the only Defendant in his case. *Id.* Defendant also opposes Plaintiff's July 22, 2013 subpoena request arguing that Plaintiff's request is "overly broad and is not reasonably

tailored to lead to relevant, admissible evidence." ECF No. 45 at 3. Defendant argues that the production of personnel records would constitute an invasion of privacy of staff members or contractors. *Id.* Defendant also asks that the court reconsider staying discovery in this matter as Defendant has filed a dispositive motion and Plaintiff has responded to the same. *Id.* Defendant argues that "[d]iscovery is not necessary to resolve the claims as presented by [Plaintiff]." *Id.*

In reply, Plaintiff opposes Defendant's use of the BOP program statement. ECF No. 52 at 1. Plaintiff argues the production of the electronic data is relevant to his case as it "is the key factor in determining . . . fraud." *Id.* In response to the argument that under BOP policy Plaintiff cannot be allowed access to computers that contain sensitive material, Plaintiff argues that he is seeking his medical records, not the records of other inmates, and that "multiple inmates selective inmates regularly use the computer systems at [the FCI-Estill] facility." *Id.* at 2. Plaintiff also addresses his request for depositions by arguing that Defendant "on their own criminal merits will show themselves to be in contempt," and that FCI-Estill employees and other persons not employed by FCI-Estill have "detailed and verifiable information regarding the fraud committed to support any and ALL claims made by PLAINTIFF." *Id.*

The court has reviewed Defendant's objections to Plaintiff's discovery requests, and finds that Defendant's objections regarding security concerns are well-founded. The court further finds that Defendant's relevancy objections are valid in that the information Plaintiff seeks in his requests is not likely to provide information relevant to Plaintiff's claims. Plaintiff has not offered any proof that supports his assertion that his medical records have been falsified, and therefore, he is not entitled to discovery on that issue. Accordingly, Plaintiff's Motion for Issuance of Subpoena (construed as a Motion for Discovery), ECF No. 32; Motion for Discovery, ECF No. 37; and Motion for Issuance of Subpoena, ECF No. 45, are **DENIED**. For

the foregoing reasons, Plaintiff's Motion for an Emergency Administrative Hearing, ECF No. 45, is also **DENIED**. Because Plaintiff has only sought discovery related to his purported false medical records, and the court finds that he is not entitled to such discovery, Defendant's request that the court stay discovery pending a ruling on its Motion to Dismiss is **GRANTED.** *See* ECF No. 45 at 4.

**Motion for Reconsideration, ECF No. 44**

Plaintiff asks that the court reconsider its July 17, 2013 Order, ECF No. 38, in which the court denied Plaintiff's Motion for Sanctions. ECF No. 44. Plaintiff alleges that "[i]t has come to the attention of PLAINTIFF and multiple inmates and staff that in fact P.A. Garcia, a named defendant in this action, has either [been] terminated, or suspended without pay. If in fact this is truthful, then in fact DEFENDANT certainly has much to hide." *Id.* at 2. Plaintiff argues that his claim of Defendant's fraud regarding Plaintiff's medical records is undisputed and "sanctions are necessary as fraud has been committed on the court." *Id.* at 2-3. The court has reviewed Plaintiff's arguments in support of his Motion to Reconsider and finds that these arguments do not warrant any adjustment to the court's prior ruling. Plaintiff has not produced any evidence to support his allegations that Defendant fraudulently altered his medical records. Additionally, Plaintiff has not explained why an alleged disciplinary action against P.A. Garcia, who is not a defendant in this case, is relevant to his fraud claim. Plaintiff's Motion for Reconsideration, ECF No. 44, is therefore **DENIED.**

IT IS SO ORDERED.

August 26, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge