IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel L Gaither, | ) | No. 5:13-cv-108-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Plaintiff's motion 1) for recusal of the Magistrate Judge, 2) transfer of the case to a District Judge, and 3) review of the Magistrate Judge's order denying his motion to compel discovery. (Dkt. No. 61). For the reasons set forth below, this motion is denied.

Plaintiff, a prisoner at FCI-Estill, filed this case alleging inadequate medical care and polluted drinking water. On August 26, 2013, the Magistrate Judge issued an order denying Plaintiff's motion to compel discovery to allow him access to the electronic data, computer servers, and other electronically stored devices where his medical records are kept. (Dkt. No. 59). In reaching this decision, the Magistrate Judge referred to a Bureau of Prisons policy that restricts prisoner access to computers with sensitive information. Plaintiff attempts to make much hay from this reference, arguing that B.O.P. policy cannot trump his right to discovery under federal law. However, the Magistrate Judge simply referred to the B.O.P. policy as support for Defendants' institutional safety concerns which are a proper consideration by this Court. Under Rule 26 of the Federal Rules of Civil Procedure, the Court has discretion to weigh the burden of disclosing sensitive information with the requesting party's need for the information. *See* Fed. R. Civ. P. 26(b)(2)(c). The Magistrate Judge weighed these competing

1

interests and ruled that Plaintiff was not entitled to the requested information. The Court finds this was not clearly erroneous or contrary to law and therefore accepts the ruling. Fed. R. Civ. P. 72(a).

Plaintiff also asserts that the Magistrate Judge's denial of his motion to compel clearly establishes that she is an incompetent judge who must be recused from the case. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard under § 455(a) is objective reasonableness and is not to be construed to require recusal on spurious or loosely based charges of partiality." 921 F. Supp. 1473, 1477 (D.S.C. 1996). Here, the Court finds that the Magistrate Judge ably applied the law and that Plaintiff's allegations are spurious and loosely made. Thus, the Court denies the motion to have the Magistrate Judge recused from this case.

Finally, Plaintiff seeks to vacate reference of this action to the Magistrate Judge pursuant to Rule 73(b)(3) of the Federal Rules of Civil Procedure which states that a district judge may vacate a referral where a party shows extraordinary circumstances.[1] Plaintiff apparently argues that extraordinary circumstances exist because the Magistrate Judge denied his motion to compel discovery and because he disagrees with the rulings. The Court finds this falls far short of the "extraordinary circumstances" envisioned by the rule. *See Dowell v. Blackburn*, 776 F. Supp. 283, 284 (W.D. Va. 1991) ("Adverse decisions, absent clear prejudicial abuse by the magistrate judge, . . . do not constitute 'good cause' or 'extraordinary circumstances.'"). Therefore, the Court denies Plaintiff's motion to have the case transferred immediately to the District Judge.

---

[1] As written, it appears that Rule 73(b) only applies where a Magistrate Judge is designated by consent of the parties under 28 U.S.C. § 636(c) and therefore would not apply in this case where the Magistrate Judge was automatically referred under § 636(b). However, other courts have applied Rule 73(b) in § 636(b) cases and the Court will do so here. *See Gonzalez v. Rakkas*, 846 F. Supp. 229, 233 (E.D.N.Y. 1994).

## Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion. (Dkt. No. 61).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 24, 2013
Charleston, South Carolina