# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel L. Gaither, a.k.a. Nathaniel Gaither | ) ) ) | C/A No.  5:13-cv-00108-RMG-KDW |
| Plaintiff, | ) ) | |
| v. | ) ) | REPORT AND RECOMMENDATION |
| United States of America, | ) ) | |
| Defendant. | ) ) ) ) | |

Plaintiff, Nathaniel L. Gaither, a pro se prisoner, brings this action alleging claims pursuant to the Federal Torts Claims Act ("FTCA").[1]  This matter is before the court on Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, filed on May 17, 2013.[2]  ECF No. 26.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff, on May 22, 2013, of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' Motion. ECF No. 27. On May 30, 2013, Plaintiff filed a Response in opposition to Defendants' Motion. ECF No. 29.  On June 19, 2013 and July 10, 2013, Plaintiff filed Motions for Summary Judgment.  ECF Nos. ECF No. 33, 37. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e),

---

[1] 28 U.S.C. § 1346 and 28 U.S.C. § 2671, *et seq*.
[2] Because the court has considered matters outside of the pleadings, the undersigned is considering the motion as one for summary judgment. Fed. R. Civ. P. 12(d).

D.S.C. Accordingly, the undersigned enters this Report and Recommendation for the court's review. [3]

I.  Factual Background

Plaintiff is presently confined at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"). ECF No. 1. In his Complaint, Plaintiff alleges that he saw Dr. Reed for back pain and bladder pain on or about December 8, 2011. Plaintiff contends that Dr. Reed treated his back pain with a shot of medication and provided a prescription for his bladder. ECF No. 1 at 2. Plaintiff contends that when he later told Dr. Reed that he was still in pain that Dr. Reed informed Plaintiff that he "would have to probably wait until [he went] home to get the right medical service. I'm only allowed to give you basic medical care." *Id.* at 2-3. Plaintiff alleges that he told Dr. Reed that he had "been in pain for over ten (10) years, and it has gotten worse." *Id.* at 3. Plaintiff contends that he has been denied medical care for over 12 years while incarcerated in the Bureau of Prisons ("BOP") and attaches exhibits to his Complaint that Plaintiff contends "show the medical neglect that has been going for years" because the BOP denies "all submitted claims by Dr. Reed." *Id.*

Plaintiff also argues that he is being denied clean drinking water since he was transferred to FCI-Estill. *Id.* Plaintiff argues that the drinking water would sometimes be dark brown or would be clear but "stink like rust." *Id.* Plaintiff contends that the water at FCI-Estill is not fit for human consumption. *Id.* at 4. Plaintiff avers that the "water hurt his bladder more when consumed" and that he never should have "been sent back to [FCI-Estill] with this bad water because of his bad bladder." *Id.* at 6. Plaintiff contends that he "suffers excruciating physical pain and great mental and emotional distress" and seeks damages in an amount ranging from $25,000,000 to $777,000,000 dollars. *Id.* at 7. Plaintiff also petitions

[3] Other pending motions are addressed within.

the court "to perform a physical examination on the contaminated drinking water issues, at Estill Federal Prison Camp." ECF No. 1 at 4.

## II. Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact when none exists. *See* Fed. R. Civ. P. 56(c). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential

element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III. Analysis

    A.  Defendants' Motion for Summary Judgment

        1.  FTCA Claims

Plaintiff brings this action against Defendant United States pursuant to the FTCA. The FTCA provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Before obtaining relief in federal court under the FTCA, a plaintiff must first have exhausted his administrative remedies. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). Defendant does not dispute that Plaintiff has

exhausted his administrative remedies with respect to his FTCA claims regarding his alleged lack of medical care for back and bladder pain, and in regard to his claim regarding the drinking water at FCI-Estill. ECF No. 26 at 6.[4]

Under the FTCA, the court must determine liability in accordance with the substantive tort law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, because Plaintiff's Complaint contains allegations concerning medical negligence that occurred while he was housed in a BOP facility located in South Carolina, the substantive law of South Carolina controls.

To recover in a negligence claim, "a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." *Bloom v. Ravoira*, 529 S.E.2d 710, 712 (S.C. 2000). South Carolina law also requires a plaintiff to file a Notice of Intent to File Suit and an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina. S.C. Code Ann. § 15-79-125(A); *Martasin v. Hilton Head Health Sys. L.P.*, 613 S.E.2d 795, 799 (S.C. Ct. App. 2005).

A plaintiff may show an affirmative legal duty of care arising from a statute if the plaintiff is a member of the class of persons the statute is intended to protect, and the essential purpose of the statute is to protect the plaintiff from the kind of harm he suffered. *Rayfield v. S.C. Dep't of Corr.*, 374 S.E.2d 910, 914 (S.C. Ct. App. 1988). In this case the BOP owes Plaintiff an affirmative legal duty in accordance with 18 U.S.C. § 4042, which

---

[4] To the extent Plaintiff seeks to bring an FTCA claim for being improperly transferred to FCI-Estill, Defendant asserts Plaintiff has not exhausted that issue. See ECF No. 26 at 6. The undersigned has reviewed the record and finds that Plaintiff has not provided any documentation to show that he exhausted his administrative remedies with regard to this claim.

provides that the BOP "shall . . . provide suitable quarters and provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(2). For purposes of an FTCA claim, the duty is one of "reasonable care." *See Johnson v. U.S. Gov't*, 258 F. Supp. 372, 376 (E.D. Va. 1966) (holding that duty of care "only requires the exercise of ordinary diligence under the circumstances."); *see also Beckwith v. Hart*, 263 F. Supp. 2d 1018, 1022 (D. Md. 2003).

Defendant concedes the existence of a duty to provide appropriate medical care to prisoners, but argues that Plaintiff has failed to assert a *prima facie* case of medical malpractice. ECF No. 26 at 26. Defendant asserts that Plaintiff cannot establish the elements of his claims without the aid of expert testimony, nor can Plaintiff establish proximate causation. *Id.* at 26-27. Defendant argues that Plaintiff "has provided no evidence, other than his own testimony, indicating that the medical staff's conduct had any detrimental impact on his condition; that medical staff should have acted differently; or but for medical staff's negligence, [Plaintiff's] back and bladder pain continuers." *Id.* at 27. Defendant cites to Plaintiff's medical records and alleges that Plaintiff has been seen by medical staff for his ongoing bladder pain at least 39 times since he arrived at FCI-Estill in June 2010, including seven visits with urologists. *Id.* at 27. Defendant further contends that Plaintiff has been seen at least 14 times for his back pain, including having x-rays which were negative except for a showing of mild degenerative disc disease. *Id.* at 27. Defendant contends that Plaintiff received appropriate care for his back and bladder pain and references the administrative claim determination and results of the Office of Internal Affairs investigation that found no evidence that indicated staff at FCI-Estill was negligent in providing Plaintiff medical treatment. ECF No. 26 at 28. In response to Defendant's summary judgment arguments,

Plaintiff contends that Defendant falsified his medical records that were offered in support of summary judgment. ECF No. 29 at 6. Plaintiff argues that he has never been seen and was never under any medical care. *Id.* Plaintiff does not offer any evidence to support his claim that his medical records were forged or otherwise falsified.[5]

To survive summary judgment, Plaintiff is required to show negligence with reasonable certainty, not through mere conjecture, and he may not attempt to prove negligence through the doctrine of *res ipsa loquitur*. *Ajaj v. United States*, 479 F. Supp. 2d 501, 549 (D.S.C. 2007). The undersigned finds that Plaintiff's conclusory statements are insufficient to establish that Defendant failed to discharge its legal duty of care to him. Mere allegations without specific facts showing that there is a genuine issue for trial are insufficient to defeat Defendant's summary judgment motion. *See* Fed. R. Civ. P. 56(e). Additionally, it is undisputed that Plaintiff has failed to file a Notice of Intent to File Suit or an expert affidavit with his Complaint, and therefore he cannot proceed with a state law claim of medical malpractice. The undersigned therefore recommends that this claim be dismissed.

### 2. Violation of Clean Water Act/Safe Drinking Water Act

Plaintiff contends that the water at Estill-FCI is contaminated and not fit for human consumption in violation of the Clean [Drinking] Water Act ("CWA") and the Safe Drinking Water Act ("SDWA"). ECF No. 1 at 4.

---

[5] Plaintiff moved for a discovery order to allow him access to Defendant's hard drive or server in order to inspect the metadata to determine the authenticity of medical records Defendant submitted in support of its Motion for Summary Judgment. ECF No. 32. The undersigned denied the motion, ECF No. 59, and Plaintiff subsequently filed a motion seeking to have the undersigned recused from this matter, and have a district judge review the order denying discovery, ECF No. 61. On October 24, 2013, the district judge denied Plaintiff's motion and upheld the order denying discovery. ECF No. 67.

Congress enacted the CWA "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251. The CWA provides a mechanism for private citizen and public agency enforcement. The Act authorizes citizen suits, stating that "any citizen may commence a civil action on his own behalf" "against any person ... who is alleged to be in violation of [ ] an effluent standard or limitation." 33 U.S.C. § 1365(a)(1). However, no citizen suit may be commenced "prior to sixty days after the plaintiff has given notice of the alleged violation" to the Administrator of the Environmental Protection Agency (EPA), the State in which the alleged violation occurred, and the alleged violator. 33 U.S.C. § 1365(b)(1)(A). The notice required in citizen suits "shall be given in such manner as the Administrator [of the EPA] shall prescribe by regulation." 33 U.S.C. § 1365(b). The corresponding regulation states that the notice must include sufficient information to allow the recipient

> to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the persons or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a). Congress passed the SDWA "to assure that water supply systems serving the public meet minimum national standards for protection of public health." H.R. Rep. No. 93-1185, 93d Cong., 2d Sess. 1, reprinted in (1974) U.S. Code Cong. & Ad. News 6454. Although the statute provides that the Administrator of EPA may bring a civil action to compel SDWA compliance, 42 U.S.C. § 300g-3(g)(1), any person can file a civil action upon 60 days prior notice to EPA, to any alleged violator of such requirement, and the State for any violation of the SDWA or to force EPA to perform a required act. 42 U.S.C. § 300j–8(b)(1)(B).

The statutory scheme of the CWA and SDWA provides a mechanism by which an individual can bring suit; however, these statutes are clear that the individual must provide notice to the EPA prior to instituting a lawsuit. The undersigned finds that Plaintiff has not offered any evidence that he has complied with the notice requirements set forth in 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C. § 300j–8(b)(1)(B). Accordingly, the undersigned recommends that Plaintiff's CWA and SDWA claims be dismissed.

### 3. Mental or Emotional Damages

To the extent Plaintiff seeks monetary compensation for the mental or emotional trauma allegedly experienced as a result of negligent medical treatment or violations of CWA or SDWA. The FTCA does not permit recovery of monetary damages for mental or emotional injury without a prior showing of physical injury:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

28 U.S.C. § 1346(b)(2). Therefore, to the extent Plaintiff is asserting a claim for mental or emotional injuries; it is without merit and the undersigned recommends that these claims be dismissed. *Ajaj*, 479 F. Supp. 2d at 549, n.22.

### B. Plaintiff's Motion for Summary Judgment

Plaintiff argues that he should be granted summary judgment in this case because Defendant falsified Plaintiff's medical records submitted in support of Defendant's summary judgment motion and has refused to supply Plaintiff with the electronic metadata for the medical records produced by Defendant. ECF No. 33, ECF No. 37. Plaintiff contends that he has witnesses, who in the event of trial, will testify and provide affidavits that "medical

records which are managed and housed at [FCI-ESTILL] … are and continue to be falsified, forged, and perjured." ECF No. 33-2 at 2, ECF No. 37 at 5. The undersigned considered Plaintiff's summary judgment arguments when evaluating Defendant's Motion for Summary Judgment, and having found that Defendant is entitled to summary judgment, the undersigned recommends that Plaintiff's Motions for Summary Judgment be denied.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Plaintiff's Motions for Summary Judgment, ECF Nos. 33, 37, be **denied,** and Defendant's Motion for Summary Judgment, ECF No. 26, be **granted,** and that this case be dismissed. If the court accepts this recommendation, Plaintiff's Motion for Order to Mitigate or Set a Trial Date, ECF No. 44, will be moot.

IT IS SO RECOMMENDED.


October 25, 2013                                     Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**