IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel L Gaither, | ) | No. 5:13-cv-108-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court grant Defendant's motion for summary judgment and deny Plaintiff's motions for summary judgment. (Dkt. No. 69). As set forth below, the Court agrees with and adopts the R&R as the order of the Court. Plaintiff's remaining pending motions are dismissed as moot.

### Background

Plaintiff, a *pro se* prisoner, brings this action alleging claims under the Federal Tort Claims Act ("FTCA") for negligent medical care and substandard drinking water at FCI-Estill. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Defendant then filed a motion for summary judgment. (Dkt. No. 26). Plaintiff then filed a response in opposition to the motion. (Dkt. No. 29). Plaintiff then filed two motions for summary judgment. (Dkt. Nos. 33, 37). The Magistrate Judge then issued the present R&R recommending the Court grant

Defendant's motion for summary judgment and deny Plaintiff's motions for summary judgment. (Dkt. No. 69). Plaintiff then filed objections to the R&R. (Dkt. No. 79).[1]

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. As stated by the Magistrate Judge, Plaintiff's claim for medical malpractice fails because the medical record shows Plaintiff was provided adequate treatment and Plaintiff provides no other evidence, such as affidavits of medical professionals or other type of medical evidence, to support his claims. *Luckett v. United States*, No. 08–13775, 2009 WL 1856417 at *5 (E.D. Mich. June 29, 2009) (citing *Lambert v. United States*, 198 Fed. App'x 835, 839 (11th Cir. 2006) (affirming dismissal of medical malpractice claim under FTCA where Plaintiff submitted only "his own conclusory allegations.")); *cf. Scheckells v. Goord*, 423 F. Supp. 2d at 348 (citing *O'Connor v. Pierson*, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or

---

[1] Following issuance of the R&R, Plaintiff filed a notice of appeal of this Court's order upholding the Magistrate Judge's decision to deny him certain discovery. (Dkt. No. 74). The Fourth Circuit subsequently dismissed Plaintiff's appeal for lack of jurisdiction and issued its mandate on May 20, 2014. (Dkt. No. 119).

mental; that is what independent medical experts are for.")).  Second, Plaintiff's claim for unclean drinking water also fails.  As noted by the Magistrate Judge, to bring an action under the Safe Drinking Water Act, a Plaintiff must follow the notice requirements set forth in 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C. § 300j-8(b)(1)(B).  Plaintiff does not allege that he has satisfied these requirements, and therefore dismissal of his claim is proper.

Plaintiff's objections do not alter this analysis.  Regarding the drinking water claim, Plaintiff does not address his failure to satisfy the statutory requirements discussed above. Therefore, the Court finds that this claim is properly denied.  Regarding his medical malpractice claim, Plaintiff's argument is essentially that all his medical documents have been forged.  He asserts that the Court must therefore deny summary judgment based on his allegation of fraud by the Defendant.  However, the Court finds that such an argument is insufficient in itself to create a genuine issue of fact.  *See Jones v. Hendricks*, 173 Fed. App'x 180, 183 (3d Cir. 2006) (finding that prisoner failed to meet burden of showing genuine issue for trial despite assertion that prison documents falsified since failed to offer any material challenging veracity of prison files); *see also Chima v. Obedoza*, 72 Fed. App'x 577, 578 (9th Cir. 2003) (court upheld grant of summary judgment where medical records directly contradicted Plaintiff's conclusory assertions of "wholly false" medical records).  The Court therefore agrees with the Magistrate Judge that Plaintiff has not created a genuine issue of fact regarding his medical negligence claim.

### Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court.  (Dkt. No. 69).  Accordingly, the Court GRANTS Defendant's motion for summary judgment, (Dkt. No. 26), and DENIES Plaintiff's motions for summary judgment, (Dkt. Nos. 33, 37).  All other pending motions are DENIED as moot.

3

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 22, 2014
Charleston, South Carolina